**EXHIBIT "1"**

THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR ST. JOHNS COUNTY FLORIDA
CIVIL ACTION

BUDDY BOY'S COUNTRY STORE, LLC,

     Plaintiff,

v.                                  CASE NO.:

WESTERN WORLD INSURANCE COMPANY,

     Defendant.

_____/

### COMPLAINT FOR DAMAGES

     **COMES NOW**, Plaintiff, BUDDY BOY'S COUNTRY STORE, LLC (hereinafter "Plaintiff"), by and through its undersigned counsel, hereby sues Defendant, WESTERN WORLD INSURANCE COMPANY (hereinafter "Defendant"), and alleges as follows:

### COMMON ALLEGATIONS
### Jurisdiction & Parties:

     1.     This is an action for damages in excess of $30,000.00, exclusive of interest, fees, and costs, and therefore jurisdiction is with this Court.

     2.     This action is for a property insurance dispute regarding insurance that covers a piece of real property located within ST. JOHNS County with an address of 8430 Country Road 13 N, St. Augustine, Florida 32092 (hereinafter "Property"), and therefore is within jurisdiction of this Court.

     3.     The Property is owned by Buddy Boy's Country Store, LLC (hereinafter "Property Owner").

     4.     This is an action concerning a commercial lines policy of insurance for the above Property.  Delivery of the Policy was made in the state of Florida. Therefore, jurisdiction is with this Court.

5.      As detailed more fully herein, Defendant, through its agents, breached the policy of insurance in Florida, and therefore is in the jurisdiction of this Court.

6.      The Defendant issued the commercial lines policy that covered the Property.

7.      All condition precedent under Fla. Stat. 627.70152 has now been complied with, by notifying the Florida Department of Financial Services with a notice of the intent to initiate this litigation at least 10 business days prior to the filing hereof.

8.      Defendant's payments for the loss will be made in this County.   Therefore, jurisdiction is proper with this Court.

**<u>Background Facts:</u>**

9.      The policy issued by Defendant that covered the Property has a **policy number** of **NPP8521443**. (hereinafter "Policy.")   A copy of the policy is attached as "Exhibit A" and incorporated herein for the purpose of showing that Defendant had extended insurance to cover the Property.

10.      The Property Owner procured insurance and has timely paid the premiums due under the Policy and followed all of its obligations under the Policy to be covered in case of need.

11.      On or about 12/26/2020, the Property suffered extensive damage in excess of the deductibles contained in the Policy.  Damages occurred as a result of a Wind Event.  Said damages are covered under the Policy of insurance issued by Defendant.

12.      The Property Owner, and later Plaintiff and its agents, timely reported the loss to Defendant and requested coverage under the Policy.

13.      Defendant's assigned claim number is **164137**.

14.      Now that the Property has suffered a covered loss that needs to be repaired, Defendant refuses to indemnify the Property Owner for the damages covered under the Policy.

15.     At all times, the Property Owner and its agents have complied with all requests and demands of Defendant.

16.     Plaintiff has provided detailed estimates showing the amount of money due and owing under the policy.

17.     Defendant has refused to pay the amount of money due under the Policy and has therefore, underpaid for the loss.

18.     Plaintiff has been damaged by Defendant's failure to the pay the amounts due and owing under the Policy.

19.     All conditions precedent to this action have been complied with, substantially complied with, or waived.  Defendant has suffered no prejudice.

### COUNT 1 – BREACH OF CONTRACT

20.     Plaintiff re-avers and re-alleges paragraphs 1-19, as if fully alleged herein.

21.     The Policy covered the losses to the Property.

22.     The Policy is a contract that exists between the Property Owner and Defendant.

23.     The Policy required Defendant to pay the amount of money necessary to restore the Property to its pre-loss condition.

24.     Defendant has failed to provide all payments due under the Policy for the loss.

25.     Defendant's failure to pay on this loss is a breach of the contract.

26.     Defendant's breach has caused ongoing damages to the Property and to Plaintiff.

27.     As a result of the breach, Plaintiff had to retain the undersigned attorney and firm, and has agreed to pay a reasonable fee for which Defendant is liable under *Fla. Stat. 627.428*.

**WHEREFORE,** Plaintiff demands judgment against Defendant for the amounts due under the Policy, plus costs, prejudgment interest, and attorneys' fees pursuant to *Fla. Stat. 627.428* and any other source.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for all issues so triable.

## DESIGNATION OF E-MAIL ADDRESS PURSUANT TO RULE 2.516

Pursuant to *Fla. R. Jud. Admin. 2.516*, Plaintiff hereby files its notice of designation of email address for the purpose of service of all documents in this proceeding: Main:  service@vishioforry.com ; Secondary:  pudouj@vishioforry.com.

Respectfully submitted,
**VishioForry, PLLC**
**Insurance Claim Attorneys**

/s/  *Paul T. Udouj, Esq.*
Paul T. Udouj, Esq.
Fla. Bar. No. 1008102
*Attorney for Plaintiff*
1300 Goodlette-Franke Rd. N., Suite 202
Naples, FL 34102
(239) 703-7210
Service at service@vishioforry.com
pudouj@vishioforry.com